Shawn M. Lindsay, OSB #020695
shawn@hbclawyers.com
Harris Berne Christensen LLP
15350 SW Sequoia Parkway, Suite 250
Portland, OR 97224
Telephone: (503) 968-1475

Michael E. Rosman (pro hac vice application forthcoming)
rosman@cir-usa.org
Michelle A. Scott (pro hac vice application forthcoming)
scott@cir-usa.org
CENTER FOR INDIVIDUAL RIGHTS
1100 Connecticut Avenue NW, Suite 625
Washington, D.C. 20036
Telephone: (202) 833-8400

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| COCINA CULTURA LLC, an Oregon limited liability company,<br><br>       Plaintiffs,<br><br> v.<br><br>STATE OF OREGON; OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES; KATY COBA, in her Official Capacity as State Chief Operating Officer and Director of the Oregon Department of Administrative Services; THE CONTINGENT, an Oregon nonprofit corporation; THE BLACK UNITED FUND OF OREGON, INC., an Oregon nonprofit corporation,<br><br>       Defendants. | Case No. 3:20-cv-2022<br><br>**COMPLAINT FOR DECLARATORY, INJUNCTIVE, OR OTHER RELIEF** |

*1 – Complaint*

This is an action for race discrimination in violation of the United States Constitution and federal law.

## JURISDICTION AND VENUE

1.

This is an action arising under the Constitution and laws of the United States. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §§ 1331 and 1343(3).

2.

Venue is proper in this Court because (1) Plaintiff is a business operating in this district, and (2) the acts complained of took place in this district.

## PARTIES

3.

Plaintiff is an Oregon limited liability corporation.

4.

Defendant Oregon is a state of the United States.

5.

Defendant Oregon Department of Administrative Services ("DAS") is an agency in the state government of Oregon. Defendant Katy Coba is the Chief Operating Officer and Director of DAS, and the actions she took that are described below were taken under color of state authority.

6.

Defendant The Contingent, Inc. ("The Contingent") is a non-profit corporation organized under Oregon law with its principal place of business in Portland. Prior to March 2020, it was known as Portland Leadership Foundation.

7.

Defendant The Black United Fund of Oregon, Inc. ("Black United Fund") is a non-profit corporation organized under Oregon law with its principal place of business in Portland.

**FACTUAL BACKGROUND**

8.

Plaintiff operated a small restaurant that served imported Mexican coffee and sold authentic Mexican meals. It is owned by Maria Garcia, a Mexican American woman who identifies as part of the Latin community. In 2020, because of the Covid-19 pandemic, Plaintiff's revenues have dropped dramatically. Plaintiff was forced to close the restaurant for three months in March, and, after reopening for a short time during the summer, the restaurant has been closed since August. Plaintiff has laid off several employees.

9.

The Coronavirus Aid, Relief, and Economic Security Act ("CARES") was passed by Congress and signed by President Donald Trump on March 27, 2020. Among other things, Title V of the CARES Act creates a Coronavirus Relief Fund to aid states and local governments with unexpected revenue shortfalls and unexpected expenses attributable to the coronavirus.

10.

In July 2020, the Oregon Legislative Emergency Board created a $62 million fund using federal monies from the Coronavirus Relief Fund which it called the Oregon Cares Fund for Black Relief and Resiliency (the "Fund"). The Fund distributes grants to individuals, businesses, and non-profits that have been adversely affected by the pandemic. The Fund is only available to individuals, or businesses or non-profits owned by individuals, who identify as black. Since Plaintiff's owner is not black, it is ineligible for any assistance from the Fund.

11.

The moneys from the Fund were distributed to Defendant The Contingent and are administered by Defendants The Contingent and Black United Fund. A Council of Trust, comprised of black leaders across Oregon, approves any decisions determining which black-owned businesses will receive grant assistance from the Fund.

12.

To receive support from the Fund, an applicant must agree to use any grant for essential organizational expenses or emergency financial needs due to the Covid-19 pandemic and occurring between March 1, 2020 and December 30, 2020. If not used for these purposes, the grant must be returned.

13.

Plaintiff applied to the Fund in August 2020, shortly after it was created. Plaintiff has expenses and needs caused by the pandemic and agreed to use the grant for the purposes required by the program. It has not received any response to its application.

14.

Plaintiff is qualified to receive a grant from the Fund and would have received one but for the fact that its owner is Mexican American. It is ready, willing, and able to meet all the conditions of obtaining a grant from the Fund.

15.

It will be difficult, if not impossible, to accurately assess any damages Plaintiff will suffer as a consequence of being ineligible for a grant since those damages would include not only the loss of the grant but the loss of potential profits that Plaintiff would forego because of its inability to continue its operations in certain ways.

16.

Defendants have tried to justify the Fund's exclusion of all non-blacks from its benefits because of the alleged disparate impact of the coronavirus on blacks and unidentified past discrimination against blacks. Defendants' justifications fail to constitute a compelling government interest sufficient to justify a race-exclusive set aside program.

17.

Even if Defendants had an adequate justification for providing some preferences for blacks in the distribution of moneys related to the Fund, a race-exclusive set aside program is not narrowly tailored to meet that compelling interest. The Fund fails to consider possible effects of the coronavirus, or past discrimination, on other groups, including Latinos. Nor does it make any effort to compare the effects of the coronavirus, or past discrimination, on individual applicants (other than blacks and black-owned businesses and non-profits).

**FIRST CLAIM FOR RELIEF**
**(Violation of Title VI)**

18.

Plaintiff hereby incorporates all of the previous allegations of this complaint. This claim for relief is asserted against all defendants except Coba.

19.

The Fund consists of moneys distributed by the federal government pursuant to the Coronavirus Relief Fund in the CARES Act. Accordingly, each of the defendants except Coba is a recipient of federal funds and, accordingly, is subject to Title VI of the Civil Rights Act of 1964.

20.

Plaintiff has been excluded from participation in the Fund because of the race and national origin of its owner.

21.

Defendants had and have no adequate justification for excluding Plaintiff from the benefits of the Fund because of the race and national origin of its owner.

22.

Defendants other than Coba accordingly violated Title VI of the Civil Rights Act of 1964.

23.

Plaintiff has suffered damages and will continue to suffer damages as a consequence of the adverse actions taken by Defendants. Accordingly, it is entitled to both damages for past harm and injunctive and/or declaratory relief to prevent ongoing and future harm.

**SECOND CLAIM FOR RELIEF**
**(Violations of Section 1981)**

24.

Plaintiff incorporates all prior allegations. This claim for relief is asserted against defendants Coba, The Contingent, and Black United Fund, although damages are asserted only against defendants The Contingent and Black United Fund.

25.

The grants provided by the Fund are in the form of a contract. Recipients must agree to use the funds for particular purposes in order to receive moneys from the Fund, and must agree to file reports to The Contingent, Black United Fund, and DAS that demonstrate that the funds were properly used.

26.

Defendants discriminated against Plaintiff and excluded it from participation in the contracts related to the Fund because of the race and national origin of its owner and, accordingly, violated 42 U.S.C. § 1981.

27.

Plaintiff has suffered damages and will continue to suffer damages as a consequence of its exclusion from the Fund by Defendants. Accordingly, it is entitled to both damages for past harm and injunctive and/or declaratory relief to prevent ongoing and future harm. Prospective relief against Defendant Coba can be obtained pursuant to 42 U.S.C. § 1983.

**THIRD CLAIM FOR RELIEF**
**(Violation of the Equal Protection Clause)**

28.

Plaintiff incorporates all prior allegations. This claim for relief is stated against Defendants Coba, The Contingent, and Black United Fund, although damages are asserted only against defendants The Contingent and Black United Fund.

29.

In funding a race-exclusive set aside program, Oregon and DAS have violated the Equal Protection Clause of the Constitution. Coba, the Director of DAS, may be enjoined from continuing to fund a race-exclusive set aside program.

30.

In distributing funds that the Oregon received pursuant to the Coronavirus Relief Fund, Defendants The Contingent and Black United Fund are acting under color of state law. Moreover, they have denied Plaintiff Equal Protection of the laws, as guaranteed in the Fourteenth Amendment to the United States Constitution, by discriminating against Plaintiff because of its owner's race and national origin.

31.

Plaintiff has suffered damages and will continue to suffer damages as a consequence of this exclusion, and is entitled to recover its damages against Defendants The Contingent and Black

United Fund. Moreover, it is entitled to injunctive relief against Coba, The Contingent, and Black United Fund to prevent the continuing violation of its constitutional rights.

## DEMAND FOR JUDGMENT

WHEREFORE plaintiff demands judgment:

a. A declaratory judgment that Defendants are violating 42 U.S.C. §§ 1981, 1983, and 2000d et seq. by excluding Plaintiff from the benefits of the Fund because of its owner's race and national origin;

b. Injunctive relief precluding defendants from continuing to exclude Plaintiff from the benefits of the Fund because of its owner's race and national origin;

c. Damages in an amount to be determined;

d. Attorney's fees and costs pursuant to 28 U.S.C. § 1920 and 42 U.S.C. § 1988, or any other applicable authority; and

e. Any other relief that is appropriate.

DATED: November 20, 2020.

**HARRIS BERNE CHRISTENSEN LLP**

By: ___s/ Shawn M. Lindsay___
Shawn M. Lindsay, OSB #020695

Michael E. Rosman, pro hac vice application forthcoming
Michelle A. Scott, pro hac vice application forthcoming
CENTER FOR INDIVIDUAL RIGHTS

Attorneys for Plaintiff