IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **COCINA CULTURA LLC,** | Case No. 3:20-cv-02022-IM |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **STATE OF OREGON; OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES; KATY COBA, in her official capacity; CONTINGENT, an Oregon nonprofit corporation; BLACK UNITED FUND OF OREGON, INC., an Oregon nonprofit corporation,** | |
| Defendants. | |

Michael Rosman and Michelle Ann Scott, Center for Individual Rights, 1100 Connecticut Ave. N.W., Ste 625, Washington, DC 20036; Shawn M. Lindsay, Harris Berne Christensen LLP, 15350 SW Sequoia Parkway, Suite 250, Portland, OR 97224. Attorneys for Plaintiff.

Alysha Y. Green, Snell & Wilmer, 400 E Van Buren St, Ste 1900, Phoenix, AZ 85004; Clifford S. Davidson, Snell & Wilmer LLP, One Centerpointe Drive, Ste 170, Lake Oswego, OR 97035; Kelly H. Dove, Snell & Wilmer L.L.P., 3883 Howard Hughes Parkway, Ste 1100, Las Vegas, NV 89169; Amanda T. Gamblin and Nicholas F. Aldrich , Jr., Schwabe, Williamson & Wyatt, 1211 SW 5th Ave, Ste. 1900, Portland, OR 97204. Attorneys for Defendants.

**IMMERGUT, District Judge.**

The parties are familiar with the facts of this case. Briefly, Plaintiff Cocina Cultura, LLC, operated a small restaurant, Revolución Coffee, in downtown Portland. It served imported Mexican coffee and authentic Mexican meals. ECF 16-4 at ¶ 2. Maria Garcia, a Mexican-American immigrant, is the sole owner of Cocina Cultura, LLC. *Id.* at ¶¶ 2–3. Ms. Garcia was forced to close the restaurant on August 22, 2020, due to the COVID-19 pandemic. *Id.* at ¶ 6. Since then, Ms. Garcia alleges that she has been engaged in "research and development to devise products and business methods to successfully reach existing and new customers" in the rapidly changing market. *Id.* at ¶ 7. Ms. Garcia applied for a grant from the Oregon Cares Act Fund for Black Relief and Resilience (the "Fund") on August 31, 2020. *Id.* at ¶ 10; ECF 25 at ¶ 3. On November 20, 2020, Plaintiff filed its Complaint, and on November 25, 2020, it filed the instant Motion. Plaintiff's application was denied on November 27, 2020.[1] ECF 25 at ¶ 4.

Defendant The Contingent offered to post a bond with this Court equaling "the maximum grant for which plaintiff would have qualified if it were otherwise eligible to receive funds" ($42,985.00), "plus one year's worth of interest on that amount," as accrued under Oregon's statutory interest rate of nine percent per annum ($3,868.65). ECF 23 at 2–3. Defendants represented to this Court that this money "is unconditionally and unequivocally held" for Plaintiff. *Id.* at 3 (internal quotation marks and citations omitted); *see also* ECF 24 at 13 & n.3. This Court requested briefing specifically on whether Plaintiff could show the irreparable harm required to obtain the extraordinary remedy of a preliminary injunction in light of this bond, and a hearing was held on this limited issue on December 7, 2020.

---

[1] At the December 7, 2020, hearing on this Motion, counsel for both sides represented to this Court that Plaintiff has received other COVID-19 relief grants, including, according to counsel for State Defendants, a grant for roughly $15,000 from Prosper Portland.

PAGE 2 – OPINION AND ORDER

With Defendants' representation that $46,853.65 will be held by this Court unconditionally for Plaintiff, and after consideration of the parties' arguments in briefing and at the hearing, this Court concludes that Plaintiff cannot show irreparable harm, and therefore its Motion for a Preliminary Injunction is DENIED.

In deciding this Motion, this Court does not determine the merits of this action, but rather determines only that the extraordinary remedy of preliminary injunctive relief is not appropriate. The Fund explicitly and unambiguously requires that applicants "are majority-owned by people who identify as Black." ECF 25 at ¶ 2. This race-based criterion may very well not survive strict scrutiny as required by the United States Supreme Court's decision in *City of Richmond v. J.A. Croson Co.*, 488 U.S. 469 (1989), and its progeny. *See, e.g., Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 227 (1995) ("[W]e hold today that all racial classifications, imposed by whatever federal, state, or local governmental actor, must be analyzed by a reviewing court under strict scrutiny. In other words, such classifications are constitutional only if they are narrowly tailored measures that further compelling governmental interests."). It will be the government's burden to show that its race-based criterion satisfies strict scrutiny. *Fisher v. Univ. of Tex. at Austin*, 570 U.S. 297, 310, 312 (2013).

However, Plaintiff brought this lawsuit as a singular entity, not as a class. Plaintiff's interests are protected by The Contingent's deposit of monies from the Fund into the Court's registry and the Defendants' representation that sovereign immunity will not interfere with any future dispersal of these funds. The deposit will provide damages to Plaintiff should it succeed on the merits. Plaintiff has not demonstrated that this remedy is insufficient nor that Plaintiff is likely to suffer irreparable injury while this litigation is pending. Therefore, Plaintiff has failed to demonstrate that immediate and extraordinary intervention from this Court in the form of a

preliminary injunction is warranted. This Court is willing to put this case on an expedited schedule. The constitutionality of Defendants' practice will be decided later in this litigation, when there has been time to develop a full record through discovery.

## LEGAL STANDARDS

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff must generally show that: (1) he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his or her favor; and (4) that an injunction is in the public interest. *Id.* at 20. A plaintiff must make a showing on all four prongs of the *Winter* test to obtain a preliminary injunction. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

The Ninth Circuit applies a "sliding scale" approach in considering the factors outlined in *Winter*. *Id.* at 1134–35. Accordingly, "when the balance of hardships tips sharply in the plaintiff's favor, the plaintiff need demonstrate only 'serious questions going to the merits.'" *hiQ Labs, Inc. v. LinkedIn Corp.*, 938 F.3d 985, 992 (9th Cir. 2019) (quoting *All. for the Wild Rockies*, 632 F.3d at 1135).

"Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." *Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985). If a plaintiff does not make that "minimum showing," a court "need not decide whether it is likely to succeed on the merits." *Id.*; *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011).

PAGE 4 – OPINION AND ORDER

## DISCUSSION

The alleged unequal treatment of Plaintiff's Fund application constitutes a discrete past harm. *See Great N. Res., Inc. v. Coba*, No. 3:30-cv-01866-IM, 2020 WL 6820793, at *2 (D. Or. Nov. 20, 2020) ("Plaintiff applied for a grant from the Oregon Cares Fund, which applicants know they may only apply for once."). "The 'injury in fact' in an equal protection case of this variety is the denial of equal treatment resulting from the imposition of the barrier, not the ultimate inability to obtain the benefit." *Ne. Fla. Contractors, v. Jacksonville*, 508 U.S. 656, 666 (1993). In the application context, "[t]he time of bidding," or applying, is "the relevant time for determining whether [Plaintiff] was unable 'to compete on an equal footing in the bidding process.'" *Monterey Mech. Co. v. Wilson*, 125 F.3d 702, 707 (9th Cir. 1997) (quoting *Ne. Fla. Contractors*, 508 U.S. at 666); *see also Bras v. Cal. Pub. Utils. Comm'n*, 59 F.3d 869, 873 (9th Cir. 1995) (explaining that to have standing for declaratory and injunctive relief, a plaintiff must "demonstrate that [it] is 'able and ready to bid on contracts and that a discriminatory policy prevents [it] from doing so on an equal basis'") (quoting *Ne. Fla. Contractors*, 508 U.S. at 666). Plaintiff faced the alleged unconstitutional barrier when it applied for a grant on August 31, 2020. The Oregon Cares Fund accepts only one application per applicant. Plaintiff will not face that alleged barrier again. Accordingly, Plaintiff's alleged constitutional harm occurred in August 2020, when it applied for the grant.[2]

---

[2] In *Great Northern Resources*, this Court explained that "the Ninth Circuit . . . require[s] more than a constitutional claim to find irreparable harm" for preliminary injunction purposes. *Great N. Res.*, No. 3:20-cv-01866-IM, 2020 WL 6820793, at *2–3 (D. Or. Nov. 20, 2020). There must be some evidence of continuing or future injury that could not be remedied at the end of litigation, and which therefore requires the extraordinary remedy of a court order prior to a determination on the merits after full development of the record. *See id*. There are many lawsuits that involve constitutional violations which are resolved without preliminary injunctions.

PAGE 5 – OPINION AND ORDER

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983) ("If Lyons has made no showing that he is realistically threatened by a repetition of his experience of October, 1976, then he has not met the requirements for seeking an injunction in a federal court . . . ."). Here, Plaintiff has not alleged any "continuing, present adverse effects" that satisfy the irreparable harm requirement for a preliminary injunction. *O'Shea*, 414 U.S. at 496.

Plaintiff's restaurant has been closed since August 22, 2020, before it applied for the grant on August 31, 2020. ECF 16-4 at ¶ 6; ECF 25 at ¶ 3. Ms. Garcia alleges that the grant funds are needed "to cover [research and development] expenses and other expenses arising out of the pandemic." ECF 16-4 at ¶ 8. She further alleges:

> If I receive a grant from the Fund now, it will allow me to continue research and development in order to adapt my business to a more predictable, stable model. It will enable me to reinvest in the community through a new business and provide employment opportunities to others in the community. If the grant is delayed until the conclusion of this litigation, it may be less useful to my research and development, and any damages caused by loss of the money now may be very difficult to ascertain for my newly developing business model.

*Id*. at ¶ 12.

Plaintiffs seeking preliminary relief are required to demonstrate that irreparable injury is *likely* in the absence of an injunction. *Winter*, 555 U.S. at 22. In this Circuit, such a demonstration requires evidence. *See Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1250–51 (9th Cir. 2013) (explaining that "[t]hose seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm" and "revers[ing] [a] preliminary injunction"). Plaintiff offers Ms. Garcia's declaration alone as evidence showing irreparable

PAGE 6 – OPINION AND ORDER

harm. *See* ECF 16-1 at 13–14; ECF 16-4. The declaration provides only conclusory, speculative, and vague assertions to support Plaintiff's theory of irreparable harm. At the hearing on this Motion, Plaintiff's counsel attempted to provide some detail to Plaintiff's research and development efforts, but these statements were not sufficiently detailed nor supported by evidence in the record.

The declaration states that the grant is needed to "cover [research and development] expenses and other expenses arising out of the pandemic," ECF 16-4 at ¶ 8, but fails to quantify those ongoing expenses or describe its research and development efforts in any detail. The declaration does not explain how the Fund money would be used or where it will go. Conclusory and vague assertions of harm cannot justify a preliminary injunction. *See, e.g., Precision Automation, Inc. v. Tech. Servs., Inc.*, No. 07-CV-707-AS, 2007 WL 4480739, at *4 (D. Or. Dec. 14, 2007) (denying motion for preliminary injunction and finding no "evidence of customer confusion, complaints, or lost sales that would support a finding of lost goodwill" where plaintiffs supported irreparable injury "sole[ly]" through two declarations); *Goldie's Bookstore, Inc. v. Superior Ct. of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984) (holding mere speculative injury of lost goodwill and "untold" customers, not based on any factual allegations, does not constitute irreparable injury); *cf. N.D. ex rel. Parents Acting as Guardians Ad Litem v. Haw. Dep't of Educ.*, 600 F.3d 1104, 1113 (9th Cir. 2010) (holding irreparable harm likely where plaintiffs provided specific and "observation[al]" declarations and defendants provided "vague" declarations).

The supporting declaration is also speculative as to the harm that would occur by waiting until the conclusion of this litigation to obtain the grant money. The declaration states that a later award of damages "*may* be less useful to . . . research and development, and any damages caused

PAGE 7 – OPINION AND ORDER

by loss of the money now *may* be very difficult to ascertain for [a] newly developing business model." ECF 16-4 at ¶ 12 (emphases added). But this Court may not find irreparable harm to justify such an extraordinary remedy based on "unsupported and conclusory statements regarding harm [Plaintiff] *might* suffer." *Herb Reed Enters.*, 736 F.3d at 1250 (internal quotation marks omitted) (emphasis in original).

In supplemental briefing and at the hearing, Plaintiff's counsel asserts it will suffer additional harms such as a loss of "customer relationships and goodwill," loss of "future market opportunities," and "[d]amage to reputation." ECF 31 at 4–5. The Court finds no indication those harms are *likely* to occur from Plaintiff's sparse supporting declaration. *See Oakland Tribune*, 762 F.2d at 1377 (finding no irreparable harm based on "loss of reputation, competitiveness, and goodwill" where plaintiff provided "only two affidavits" which "did not address the particular situation in issue" and "provided only conclusory statements"); *cf. Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 866 (9th Cir. 2017) (upholding preliminary injunction where "[t]he district court had substantial evidence before it that VidAngel's service undermines the value of the Studios' copyrighted works, their 'windowing' business model, and their goodwill and negotiating leverage with licensees"). While "evidence of loss of control over business reputation and damage to goodwill [can] constitute irreparable harm, so long as there is concrete evidence in the record of those things," there simply is no such evidence in the record of this case. *Adidas Am., Inc. v. Skechers USA, Inc.*, 890 F.3d 747, 756 (9th Cir. 2018) (internal quotation marks and citations omitted).

Plaintiff's claims of irreparable harm are further undercut by its delay in seeking relief. Plaintiff's business closed on August 22, 2020, and it suffered its alleged injury on August 31, 2020, when it applied for a grant. Plaintiff waited nearly three months to initiate this lawsuit, and

another five days to file this Motion. "A preliminary injunction is sought upon the theory that there is an urgent need for speedy action to protect the plaintiff's rights. By sleeping on its rights a plaintiff demonstrates the lack of need for speedy action." *Lydo Enters., Inv. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) (quoting *Gillette Co. v. Ed Pinaud*, Inc., 178 F. Supp. 618, 622 (S.D.N.Y. 1959)). Plaintiff's nearly three-month delay in seeking injunctive relief "implies a lack of urgency and irreparable harm." *Oakland Tribune, Inc.*, 762 F.2d at 1377; *see also Lydo Enters.*, 745 F.2d at 1213 ("A delay in seeking a preliminary injunction is a factor to be considered in weighing the propriety of relief.").

## CONCLUSION

In sum, the race-based criterion may indeed prove unconstitutional, but Plaintiff has not carried its burden of demonstrating why this Court must decide that question today. "The basis of injunctive relief in the federal courts is irreparable harm and inadequacy of legal remedies." *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) (citing *Sampson v. Murray*, 415 U.S. 61, 88 (1974)). As explained above, Plaintiff "has failed to demonstrate that the remedies this Court can afford upon conclusion of these proceedings are insufficient, [and] the Court is not convinced that there is any likelihood that [Plaintiff] will suffer irreparable injury while litigation is pending." *Qualcomm Inc. v. Compal Elecs., Inc.*, 283 F. Supp. 3d 905, 915 (S.D. Cal. 2017).

Plaintiff's interest in the funds it was allegedly wrongfully denied, plus interest, is secured. In an accompanying order, the Court orders the Clerk of Court to accept funds payable to the Clerk, U.S. District Court, in the amount of $46,853.65, and to deposit these monies into the Court's treasury registry fund. ECF 34.

PAGE 9 – OPINION AND ORDER

This Court will decide the merits of Plaintiff's constitutional and civil rights claims in due course and is willing to do so on an expedited basis. Plaintiff's Motion for a Preliminary Injunction is DENIED.

**IT IS SO ORDERED**.

DATED this 7th day of December, 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge