UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **GREAT NORTHERN RESOURCES, INC., DYNAMIC SERVICE FIRE AND SECURITY, LLC, and WALTER VAN LEJA**, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**KATY COBA, in her official capacity as State Chief Operating Officer and Director of ODAS, OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES, THE CONTINGENT, BLACK UNITED FUND OF OREGON, INC., and DOES 1-10**,<br><br>Defendants. | Case No. 3:20-cv-01866-IM (Lead Case)<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

**IMMERGUT, District Judge.**

Having reviewed the Parties' Motion for Preliminary Approval of Class Action Settlement, and good cause appearing therefor, the Court hereby GRANTS preliminary approval of the proposed class action settlement previously filed with the Court as Dkt. No. 85-2 (the

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL

"Settlement") in this case as follows:

1. <u>Defined Terms.</u>  Unless otherwise defined, all capitalized terms herein have the same meanings as set forth in the Settlement.

2. <u>Settlement Terms.</u>  The Settling Parties have agreed to resolve the above-captioned Action upon the terms and conditions set forth in the Settlement filed with the Court. The Settlement, including all exhibits thereto, is preliminarily approved as sufficiently fair, reasonable, and adequate to authorize dissemination of the Class Notice described below.  In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the Settling Parties involved in both settlement of these claims and the continuation of the litigation, and finds that the settlement between the Settlement Class and the Settling Defendants was arrived at by arm's length negotiations by experienced counsel.

3. <u>Certification of the Settlement Class.</u>  For settlement purposes only, the Court provisionally approves the Settlement Class pursuant to Federal Rules of Civil Procedure 23(b)(3) and (e):

> All individuals, businesses, and nonprofits that submitted applications for funding to the Fund and/or The Contingent prior to December 9, 2020, and that have not indicated on their applications that they identify as Black, are a Black-owned business, or are a Black-focused organization.

The Court hereby provisionally appoints Great Northern as class representative, to represent the Settlement Class.

The Court hereby provisionally appoints the following counsel as Class Counsel:

MURPHY & BUCHAL LLP
James L. Buchal
3425 SE Yamhill Street, Suite 100
Portland, Oregon 97214

BENBROOK LAW GROUP, PC
Bradley Benbrook
Stephen M. Duvernay
400 Capitol Mall, Suite 2530
Sacramento, California 95814

MITCHELL LAW PLLC
Jonathan F. Mitchell
111 Congress Avenue, Suite 400
Austin, Texas 78701

For purposes of these settlement approval proceedings, the Court finds that these attorneys are competent and capable of exercising their responsibilities as Class Counsel and have fairly and adequately represented the interests of the Settlement Class for settlement purposes.

4.  Additional Findings.

    (a)  Prerequisites for Class Action Satisfied. The Court finds, for settlement purposes and conditioned upon the entry of this Order, the Final Order, and the Final Judgment, and the occurrence of the Final Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied. The Court finds, in the specific context of this Settlement, that the following requirements are met: (i) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (ii) there are questions of law and fact common to the Settlement Class Members; (iii) Settlement Plaintiff's claims are typical of the claims of the Settlement Class Members that Settlement Plaintiff seeks to represent for purposes of settlement; (iv) Settlement Plaintiff has fairly and adequately represented the

interests of the Settlement Class and will continue to do so, and Settlement Plaintiff has retained experienced counsel to represent it; (v) questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (vi) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23.

(b) <u>Manageability.</u>  The Court also concludes that, because this action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a class action involving the issues in this case.

(c) <u>Reasonableness</u>.  The Court finds that the settlement falls within the range of reasonableness because it provides for meaningful remediation relative to the merits of Settlement Plaintiff's claims and the defenses to them, in that Settlement Class Members can obtain review of their applications.  The settlement also has key indicia of fairness, in that: (1) the negotiations occurred at arm's length; (2) there was significant law and motion practice; and (3) the proponents of the settlement are experienced in similar litigation. The Court further finds that there is a sufficient basis for notifying the Settlement Class of the proposed settlement.

5. <u>Approval of Notice Program.</u>  The Court approves the Notice Program as described in the Settlement, as well as the form and content of the corresponding Notice as described therein. The Notice Program shall consist of (i) a mailed notice to all those Settlement Class Members for whom the Settlement Administrator can ascertain an electronic email address and/or other mailing address from The Contingent's records or public records, with reasonable effort; and (ii) Notice

posted on the Settlement Website. The Notice Program must be completed on or before **April 12, 2021**.

The Court finds that the Class Notice described above is reasonable; that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and that it meets the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. Specifically, the Court finds that the Class Notice complies with Rule 23(e) of the Federal Rules of Civil Procedure as it is a reasonable manner of providing notice to those Settlement Class Members who would be bound by the settlement. The Court also finds that the Class Notice complies with Rule 23(c)(2), as it is also the best form and manner of notice practicable under the circumstances, provides individual notice to members of the Settlement Class who can be identified through a reasonable effort, and is reasonably calculated, under all the circumstances, to apprise members of the Settlement Class of the pendency of the Action, the terms of the settlement, and their right to object to the settlement or exclude themselves from the Settlement Class.

6.        Exclusion and Objections of Settlement Class Members. The Court approves the procedures set forth in Section VII of the Settlement by which Settlement Class Members may exclude themselves from the Settlement Class or object to the Settlement. Specifically, Class Members may exclude themselves by notifying the Settlement Administrator in writing of the Settlement Class Member's intent to be excluded from the Settlement Class. Such written notification must be postmarked no later than the Opt-Out Deadline, **May 28, 2021**. The written notification must include the individual's name and address; a statement that the Settlement Class Member wants to be excluded from the settlement in *Great Northern Resources, Inc., et al. v.*

*Coba., et al.*, Case No. 3:20-cv-01866-IM (L) (D. Or.); and the Settlement Class Member's signature.

The Settlement Administrator shall provide the Settling Parties with copies of all completed opt-out notifications, and a final list of all who have timely and validly excluded themselves from the Settlement Class, which Class Counsel shall file with the Court no later than 10 days prior to the Final Approval Hearing. Any Settlement Class Member who does not timely and validly exclude himself or herself shall be bound by the terms of the Settlement.

Furthermore, Settlement Class Members may object to the Settlement and/or to Class Counsel's application for attorneys' fees, costs, and expenses, and for the Service Award. Objections to the Settlement or to the application for attorneys' fees, costs, expenses, and for the Service Award must be electronically filed with the Court, or mailed to the Clerk of the Court, with a copy to Class Counsel and the Settling Defendants' counsel. For an objection to be considered by the Court, the objection must be: (a) electronically filed by the Objection Deadline; or (b) mailed first-class postage prepaid to the Clerk of Court, Class Counsel, and the Settling Defendants' Counsel, at the addresses listed in the Notice, and postmarked by no later than the Objection Deadline. The Objection Deadline shall be **May 28, 2021**.

For an objection to be considered by the Court, the objection must also set forth: (a) the name of the Action; (b) the objector's full name, address, email address, and telephone number; (c) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (d) all grounds for the objection, accompanied by any legal support for the objection; (e) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement, the fee

application, or the application for Service Awards; (f) the identity of all counsel representing the objector who will appear at the Final Approval Hearing; (g) a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; (h) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (i) the objector's signature (an attorney's signature is not sufficient).

No member of the Settlement Class or counsel retained by such a member of the Settlement Class shall be entitled to be heard at the Final Approval Hearing unless the Objector or his or her attorneys who intend to make an appearance at the Final Approval Hearing state their intention to appear in the objection delivered to Class Counsel and counsel for all Settling Parties and filed with the Court in accordance with the preceding Paragraphs. Counsel for any such member of the Settlement Class must enter his or her appearance with the Court by the deadline for objection. Any Settlement Class Member who fails to file and serve a valid and timely written objection in the manner specified above shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

7.      <u>Relevant Remaining Deadlines.</u>  On or before **May 12, 2021**, Plaintiff shall file a motion for final approval of the Settlement and an application for attorneys' fees, costs, and expenses and for the Service Award, and the Settlement Administrator shall post the same on the Settlement Website within two business days after said filing.  On or before **June 11, 2021**, the Settling Parties shall file any responses to any objections, and any replies in support of final approval of the Settlement and/or Class Counsel's application for attorneys' fees, costs, and expenses and for Service Awards.

The Court hereby STAYS all deadlines in the Action unrelated to Preliminary Approval and Final Approval, pending Final Approval of the Settlement.

8. <u>Final Approval Hearing.</u>  The Court hereby schedules a Final Approval hearing for **June 21, 2021**.  At the Final Approval hearing, the Court will conduct an inquiry into the fairness of the Settlement, determine whether it was made in good faith and is fair, reasonable, and adequate, and should be finally approved.  At the Final Approval Hearing, the Court shall also determine whether to approve Class Counsel's application for attorneys' fees, costs, and expenses, and for a Service Award.

**IT IS SO ORDERED.**

DATED this 19th day of March, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge
